Court of Criminal Appeals
P.O. Box 12308. Capitol Station
Austin. Texas 78711.

No. WR-29,870-03

29.8970-03

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 30 2015

Abel Acosta, Clerk

RE: To place letter to Head D.A. in file for the Court to review.

Dear Clerk

Would you Please add these motions and letters to the Court and Head D.A. of Harris County. and District Court 180. in file to reviewed By this Honorable Court. The District Court Clerk is dealing with me very harshly. I'm recieving all action from the Court and state 8 day or more later. with no time to rebuttal. Therefore i'm left no choice but to ask this Court to please consider that this Presiding Judge is totally disqualified from judging an Affidavit or disregarding the trial Judges ruling and order that was set in place in 2012, November. The Judge presiding over this habeas matter is not the trial Judge. And He has already abuse His discretion and went along with the state after The state first ~~reconsider~~ requested that the issue be designated on both Cause No's. to be resolved."whether the Applicant was denied the effective Assistance of Counsel on November 8, 2012, And now on August 27 and 28, 2015 the state proposed another order to the Court and the presiding Judge has allowed it knowing that i'm entitled to a Live Plenary Evidentiary hearing.

Please make a copy of this letter and place into file also.

So very Grateful.
Respectfully Submitted
Bobby Henry #1719613
Bobby Henry #1719613
Wayne Scott Unit
6999 Retrieve Rd
Angleton, Texas 77515

9-24-15

Devon Anderson
District Attorney
1201 Franklin, Suite 600
Houston, Texas 77002-1923


RE: Investigation into Prosecutor's Misconduct.
Writs/1282632-A

Miss. Anderson.

Greetings!

My Name is Mr. Henry. An i Am attempting to resolve some issues that you have the power to address and resolve, Although these occurrences did Not happen under your watch. I Am currently litigating My post-convictions in (2) cases. Causes 1282632-A And 1282633-A. I realize that being the head of operations expands your duties a great deal and you have to put trust in them that you have put into position or others before you. And you cannot be a part of every case that happens in Harris County. Also lots of mistakes are made and thats to be understood. However. It cannot be said that when a prosecutor withholds exculpatory evidence from the Grand Jury And presents incriminating false evidence to the Grand Jury to obtain an indictment to maliciously prosecute is not a mistake! I will provide you with this evidence against (2) Prosecutors that preside in Criminal Judicial District Court 180. Be it noted that these prosecutors was the head and assist Prosecutors at the time of 2010 and 2011. In Court 180. Where Judge Marc Wesley Brown presided at that time. The (2) Prosecutors in particular Names are ~~Angela Weltin~~, And Bill Hawkins. "Correction": Angela Weltin whom i believe was head D.A. of that Court during the dates above.

(1.)

This the history of this case which you should find highly interesting. on October 22, 2010 i was arrested for Burglary of a habitation and Evading arrest. "I did not do either of these crimes," that i was arrested for. On October 25, 2010. The Home owner of the alleged Burglary gave a statement to the prosecution. stating that i "didn't enter her home. and that i was caught Knocking on the windows of her home." No items was taken. and no damages was did to home."

On November 19, 2010 the 338th Grand Jury indicted me on Burglary of a habitation and within that indictment it states that i "entered" Luc Schlumberger home.

Miss Anderson. I Am no fool and i'm sure your not either. However. it is evident that one of these prosecutors withheld exculpatory avidence from the Grand Jury. It is no way possible Giving light to the statement made by homeowner Luc Schlumberger the grand Jury could have came back with an indictment!!

I pleaded with my counsel that noone couldn't have said that i entered that house. when i was not even in the yard. I was urinating outside the fence.

Miss Anderson. The police officer falsified that police report and i shall prove this also to you if you just follow simple instructions because i cannnot afford to send you my proof because i have no other viable avenue to replace it. all family have deceased since incarceration.

If you would take a look into file folder #1282632. you will find that there is no written statement from The eye witness "Oscar Cervantes" to even collaberate with the police report. and not to mention the police report. did report damages done to window. but Homeowner gave statement otherwise. Also this officer gave (2) reports differently within 5 days of the incident. (1). report stated He that i push the window in and lifted it up. then stuck my head on the inside and looked both ways. which i might add. makes no sense! (2) secondly In the Houston Cronicle dated October 27, 2010. "Montrose Burglars" In this statement to the public he said that i "removed glass from window."

Miss Anderson,

Once you request File Folder # 1282632, you will find that this statement is in there from homeowner Luc Schlumberger. you will also notice the date the statement was recorded. you will Notice date of indictment which is 26 days after statement was given to the prosecution. After conducting your own investigation i'm optimistic that you will concur that i have been maliciously prosecuted. I do understand that my attorney should have represented me correctly. And Not let this happen, but also the states prosecution should have performed what they took oaths to do. unless this the oath that they took which is to decieve, and deprive one of their liberty unjustly? I have raised ineffective counsel on 11.07's. However this is a "breach in contract" Because Counsel Never revealed this statement to me during this process. only once i pleaded out unwillingly and requested to Counsel from T.D.C.J. a copy of my files that he gather as discovery. Counsel sent me each stread of evidence that i now have, including e-mails from Him to Angela Weltins. Angela Weltins admitts on e-mails that police Neve used photo spread. only my mugshot to complainants. which is Clearly suggestive I.D. My Counsel had researched all this but Coerced me to take plea deal. According to Counsels file. He had all that was need to present a helleva defense.

Nevertheless. This is the attempt to resolve this matter without any further ado. I'm sure you will find my claims evident and do whats in your power to do. I'm also sending a copy of this letter to Honorable Judge Hull of the 180th District Court, That it may be filed and noted. I'm also seeking a Live Plenary Evidentiary hearing that these facts may be made part of the record that the Court of Criminal Appeals may be able to have a complete record.

Respectfully Submitted
Bobby Henry # 1719613
Bobby Henry # 1719613
Wayne Scott Unit
6999 Retrieve Rd
Angleton, Texas 77515

9-24-2015

(2) exhibits encluded

(3)

Mr Bobby Henry
TDCJ-ID # 1719613
Wayne Scott Unit
6699 Retrieve Road
Angleton, Texas 77515

CHRIS DANIEL
DISTRICT CLERK
HARRIS COUNTY, TEXAS
2015 SEP 17 PM 2:02

Cause Nos.
1282632-A
1282633-A

September 14, 2015

District Clerk
Harris County Courthouse
1201 Franklin St
Houston, Texas 77002

RE. Motion to File With Court.

Dear Clerk Daniel,

Please find enclosed Applicant's Motion Rescending to States Original Answer And Objection Also request for Live Evidentiary hearing. Please file it with your office And present it to District Court 180 for consideration at your earliest convenience. Also please stamp, date, And file this coverletter And return it back to me for my file. I have provided a S.A.S.E. to return my coverletter. your Assistance in this very important matter is most appreciated!

Respectfully Requested
Bobby Henry
Bobby Henry 1719613
Applicant.

Cause No.'s. 1282632-A & 1282633-A

Ex Parte

In The 180th District
Court of

Bobby. Henry
Applicant

Harris County, Texas

## Applicant's Rebuttal to States original Answer

To The Honorable Judge of said Court:

Comes now. Bobby John Henry. The Applicant in the Above entitled and numbered cause of action and files this his motion to Rebuttal states original answer, and would respectfully show unto the Courts as followed:

### I

Applicant filed two Habeas Corpus Applications Challenging his convictions on or about October 19, 2012. The State of Texas by and through it's Assistant District Attorney For Harris County, requests that this Court pursuant to Tex.Code.Crim. Proc. Art. 11.07 § 3(d), designate the following issue which needs to be resolved:

1.) Whether the Applicant was denied the effective Assistance of Counsel.

The States Motion Requesting Designation of issues in both above cause No's. was signed on November 8, 2012. The presiding Judge at that time was Judge Marc Brown who adopted the states recommendation of designation of issues on November 9, 2012.

### II

On August 28, 2015 almost 3 years of state recommending the designation of issues and the Court Adopting that recommendation. The State files what it said to be it's Original Answer. which cannot be true nor Considered because the state had 15 days to Answer said Applications from the date of October 19, 2012 and did by recommending the issues be designated in both Habeas Corpus

Applications. It would be a clear due process violation under the 14teenth Amendment to allow the state to have 33 month to file it's Original Answer when the law pursuant to Tex.Code.Crim.Proc.Art.11.07. only allows 15 days or request for extention. Nowhere in the record is there a request made by the state for any extention of time. Nor the Court granting one. The state has already filed it's original Answer on November 8, 2012 in a timely fashion as the law requires. This New States Original Answer is without merit because it was not filed in the timeliness of Cord and it's also good to Note that the Court of Criminal Appeals ordered the Court to resolve the issues that had already been designated. Not to redesignate issues or allow the state 2 bites at the Apple and get a second chance to Answer.

## III.

In the instant causes theres a highly probable Need for a live Evidentiary Hearing. The Honorable Judge of the 180th District Court Now presiding has No prior Knowledge of this case and is totally unfamiliar with any facts. Therefore, the Honorable Judge Hull could not possibly make a fact finding, and conclusion of law consciously under these circumstances. Therefore a paper hearing will not suffice to establish the record, to forward to the Court of Criminal Appeals. The Applicant has such Need for a live Evidentiary hearing to establish the record with facts that are outside the record which need be establish on the record. Such facts as a statement given to District Attorney from complaining witness Lee Schlumberger stating that Applicant never entered her establishment, but was knocking on window. This exculpatory evidence would clearly and convincely prove Applicants innocence. A paper hearing would deny Applicant due process of establishing the record to show and prove his allegations of ineffective Counsel and Actual innocense.

## IV.

Applicant contends that because the State elected to request the court to designate said issues in both cause No's. without any denial or rebuttal clearly shows the court that Applicants writs have merit on the bases thereof cited in Applicants Applications. This Court should Grant the writ the writ on the bases therein.

2

Cause No. 1282633-A & 1282632-A

Ex Parte                                § § § § §        In The District of the
                                                        180 th Judicial District of

Bobby Henry
Applicant                                               Harris County, Texas

Response and Objection to States Original Answer
Dated August 27, 2015 and Request for a Live Plenary
Evidentiary hearing

To The Honorable Judge Of said Court:

Comes Now, Bobby Henry, Applicant in the Numbered cause
of action above and files this His Response and Objection to states
Original Answer Dated August 27, 2015, would respectfully show
unto the Court as Follows:

## I.

Applicant filed two (2.) Habeas Corpus Applications Challenging his
convictions on or about October 19, 2012. The State of Texas, by and
through it's Assistant District Attorney for Harris County, requested that
this Court, pursuant to Tex.Code.Crim.Proc. Art.11.07, § 3 (d), designate
the following issue which Needs to be resolved:

1.) "Whether the applicant was denied the effective assistance of Counsel."
The Assistant District Attorney for the state who requested to the court to
designate said Above issue Name is "Sharon y. Chu, Texas Bar I.D. #
24051950, whom also signed and dated such request on November 8, 2012.

The Court having reviewed said Applications and request of the state
The court adopts the states recommendation and therefore designate the
Above issue which this court shall resolve: Signed and dated on November
9, 2012 By presiding Judge Marc W. Brown. It is so ordered!

/11

## II.

Applicant object to states what they called their original Answer. Let the record reflect that on November 8, 2012, The State by and through there Assistant District Attorney Sharon Y. Chu presented to this Court their Original answer in these causes to designate the before said issue. Which the Court by the Presiding Judge over Applicant's trial and habeas preceeds adopted the states recommendation. And ordered that the issue be designated in both habeas causes. 1282632-A and 1282633-A.

Pursuant ~~According~~ to the Tex. Code. Crim. Proc.. Art. 11.07 sec 3 (B) The Clerk of that court shall make appropriate notation thereof, assign to the case a file Number. And forward a copy of the application by certified mail, return receipt requested, or by personal service to the attorney representing the state in that Court, who shall answer the application not later than the "15th day" after the date the copy of the Application is recieved.

Let the record reflect that on August 27. and 28 of 2015, the state files another States Answer disregarding the previous trial Judges order to designate issues on both Applicant's Habeas Corpus and ask the Court to deny applicant the right under the U.S. Const. 14 teenth Amendment of Due Process to resolve the issues set out in the order of designation and resolution and for this court to just forward the record to the Court of Criminal Appeals incomplete.

Applicant understands the state to need for this court to disregard the trial Judge Marc Browns order. The State have need for this Court to favor it. because of the facts that will soon appear before this Court of their illegal activities before this Honorable Judge Hull presided over Court 180. Applicant have need of a Live Evidentiary hearing to put on witnesses that could prove Applicants innocence beyond a reasonable doubt.

The State has need and is understandably recognized to stand up for trial counsel's behavior and deem it effective. However, the record once established at a live Plenary Evidentiary hearing will show this

1.) That the state maliciously prosecuted Applicant, knowingly that Applicant did not committ any burglary of Habitation.

2.) That the state took a statement from Complaining witness Lucy Schlumberger stating to the prosecution that Applicant Never entered her house. No item was taken, and no damages was done to home. Also that Applicant was seen knocking on windows of C.W. home.

3.) The state took statement on 10-25-10 from Luc Schlumberger but yet somehow came up with indictment of Burglary of Hab, stating "entered."

4.) Answer to email that Applicant have in his possession from prosecutor Angela Welting admitting that only one Applicant photo was shown to victims.

5.) Prosecutor need to Answer why they continue to prosecute Applicant. Knowing that they have evidence that prove the police report falsified.

6.) Why did Prosecutors conspire with Police officer to prosecute Applicant knowing that officer falsified police report and report in the Houston Cronicle dated 10-27-10. "Montrose Burglars"

7.) Why didn't Attorney present this statement to Applicant knowing that Applicant had told him that he was innocent, and the statement proved it.

These are just a few questions that need be addressed and answered by the prosecution. Applicant have evidence with him that was sent to him by his trial Attorney "Bax" that need be placed on the record. Clewis at 133, accordingly a reviewing court must vacate a conviction based on factually insufficient evidence and remand the cause for New trial. Tibbs v. Florida 457. U.S. 31 107 S.ct 2211. 72 L.E 2d 652 (1982)

(3)